1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                    No. CR-04-01026-001-PHX-MTL
                                                   CR-13-00342-001-PHX-MTL
10                Plaintiff,
                                                   **ORDER**
11    v.

12    Jeremiah Wayne Johnson,

13                Defendant.

14

15          Pending before the Court is Defendant Jeremiah Wayne Johnson's *pro se* Motion to

16    Secure Appearance for Revocation of Supervised Release Proceedings (CR-04-01026-

17    PHX-MTL, Doc. 69; CR-13-00342-PHX-MTL, Doc. 43). The Government has filed a

18    Response. (Docs. 72 and 47, respectively). For the following reasons, the motion is denied.[1]

19                                            **I.**

20          On March 27, 2006, Defendant was sentenced to 121 months of imprisonment,

21    followed by 60 months of supervised release, for committing second degree murder in

22    violation of 18 U.S.C. §§ 1153 and 111. (CR-04-1026, Doc. 45.) Defendant's supervised

23    release was set to begin on January 2, 2014. On June 24, 2013, while still serving his

24    original sentence, Defendant was sentenced to seven additional months of imprisonment,

25    to run consecutively to the remainder of his original sentence, for escaping from custody

26    in violation of 18 U.S.C. §§ 751(a) and 4082(a). (CR-13-0342, Doc. 20.) The imprisonment

27    _____

28    [1] Neither party has requested oral argument. Both parties have submitted legal memoranda
      and oral argument would not have aided the Court's decisional process. *See Partridge v.
      Reich*, 141 F.3d 920, 926 (9th Cir. 1998); see also LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

term was to be followed by 36 months of supervised release. (*Id.*)

On March 10, 2014, the U.S. Probation Office filed a petition to revoke supervised release in both cases. (CR-04-1026, Doc. 48; CR-13-0342, Doc. 24.) On May 15, 2014, United States District Judge Neil V. Wake revoked Defendant's supervised release. (CR-13-0342, Doc. 36.) Judge Wake also sentenced Defendant to a term of five additional months of imprisonment, to run concurrently to the disposition imposed in CR-04-01026-PHX. Judge Wake further ordered that upon release from the Bureau of Prisons, Defendant would be placed on supervised release for a term of 52 months in CR-040-1026 (Doc. 61), and a term of 28 months in CR-13-0342 (Doc. 36). Defendant's terms of supervised release began on August 18, 2014. (CR-13-0342, Doc. 46 at 7.)

On February 2, 2015, during the term of supervised release, Defendant was convicted of promoting prison contraband by the Yavapai County Superior Court. He was sentenced to 6.5 years of imprisonment in the Arizona Department of Corrections. Defendant's state sentence is set to expire on March 8, 2021.[2]

As a result of this conviction and other stated reasons, on August 17, 2015, the U.S. Probation Office filed a second petition to revoke Defendant's supervised release in both district court cases. (CR-13-0342, Doc. 46.) An arrest warrant for the supervised release violation petition was issued the next day. (*Id.*) The Government asserts that upon Defendant's release from the Arizona Department of Corrections in March 2021, the U.S. Marshal's Service will take custody of Defendant and execute the warrant, "at which time Defendant will appear before this Court to address the underlying petitions to revoke supervised release." (Doc. 72 at 2.)

Defendant filed the instant motion on July 24, 2020. (CR-04-1026, Doc. 69; CR-13-0342, Doc. 43.) The Government filed a response. (CR-04-1026, Doc. 72; CR-13-0342, Doc. 47.) Defendant has not timely filed a reply.

## II.

Defendant moves the Court to "order the secured appearance of the defendant, and

---

[2]  See *Inmate Database*, Arizona Department of Corrections, https://corrections.az.gov/public-resources/inmate-datasearch (last visited Oct. 26, 2020).

1    further order a reasonable federal prison term concurrent with the Arizona State prison

2    term currently being to secure the United States Constitutional guarantees that are currently

3    being deprived as a result." (CR-04-1026, Doc. 69 at 3; CR-13-0342, Doc. 43 at 3.) The

4    Court understands Defendant to request that he be brought into federal custody to address

5    the supervised release petitions while he is still serving his state sentence.

6         Relevant authorities do not permit this relief. Defendant's right to a revocation

7    hearing "arises under the Due Process Clause of the Fifth Amendment." *United States v.*

8    *Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008). It "has been formalized in Federal Rules of

9    Criminal Procedure 32.1." *Id*. The Federal Rules of Criminal Procedure "do not apply in

10   state court proceedings." *Thompson v. Ryan*, No. CV1200766TUCDCBBGM, 2015 WL

11   4603744, at *19 (D. Ariz. July 31, 2015), report and recommendation adopted, No. CV-

12   12-00766-TUC-DCB, 2016 WL 126293 (D. Ariz. Jan. 12, 2016). *See also* Fed. R. Crim.

13   P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United

14   States district courts, the United States courts of appeals, and the Supreme Court of the

15   United States.") As the Government notes, "Defendant is not being held in custody for

16   violating the terms of his supervised release; he is being held in custody for violating

17   Arizona state law." (CR-04-1026, Doc. 72 at 3; CR-13-0342, Doc. 47 at 3.)

18        Further, case law specifically holds that a defendant does not have the right to

19   accelerate the adjudication of his federal supervised released violation while incarcerated

20   on state charges. As the Ninth Circuit Court of Appeals recognized in *United States v.*

21   *Garrett*, 253 F.3d 443 (9th Cir. 2001), to hold that the federal government is required to

22   writ a defendant out of state custody to bring him before the federal district court would be

23   an "obvious problem." *Id*. at 450. The relevant statute, 18 U.S.C. § 3583(i), "imposes no

24   such duty on the federal government, nor has any court imposed such a duty." *Id.* In

25   addition, the court was "mindful of the fact that requiring the federal government to writ a

26   defendant out of state custody for a supervised release revocation hearing could prove

27   extremely burdensome." *Id. See also United States v. Ahmadzai*, 723 F.3d 1089, 1094 (9th

28   Cir. 2013) (defendant's "period of state custody automatically tolled his term of supervised

release"); *United States v. Esqueda-Ceras*, No. 3:07-CR-00131-KI, 2017 WL 558004, at *2 (D. Or. Feb. 10, 2017) ("Indeed, the Court may await a defendant's release from state custody to adjudicate the violation of defendant's supervised release rather than writ him out of state custody.") For all of these reasons, the Court will deny Defendant's motion.

**III.**

Accordingly,

**IT IS ORDERED denying** Defendant's Motion to Secure Appearance for Revocation of Supervised Release Proceedings (CR-04-01026-PHX-MTL, Doc. 69; CR-13-00342-PHX-MTL, Doc. 43).

Dated this 26th day of October, 2020.

Michael T. Liburdi
United States District Judge